# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY TAYLOR | CIVIL ACTION |
| VERSUS | NO. 12-44 |
| STATE OF LOUISIANA, ET AL. | SECTION "R"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Troy Taylor, a state prisoner, filed this civil action against the State of Louisiana, the Orleans Parish Sheriff's Office and its "Medical Department," Sheriff Marlin Gusman, and Deputy Moore pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. In this lawsuit, plaintiff alleges that he was attacked by his fellow inmates and not given appropriate medical care for his resulting injuries.

To better understand the factual basis of plaintiff's claims, the Court held a Spears hearing on February 28, 2012. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary relief from a defendant who is immune from such relief.

## II. Improper Defendants

Before turning to plaintiff's claims, the Court first notes that four of the defendants must clearly be dismissed because they are not proper defendants for the following reasons.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

A. State of Louisiana

The State of Louisiana is an improper defendant because a state simply is not a "person" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Further, in any event, any § 1983 claim against the state is also barred by the Eleventh Amendment. U.S. Const. amend. XI; Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000) ("Citizens may not bring suit against a state or any instrumentality thereof without the state's consent.").[2] Accordingly, the claim against the State of Louisiana should be dismissed.

---

[2] The United States Supreme Court has held: "[I]n the absence of consent a suit in which the State ... is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002) (quotation marks and citations omitted).

### B. The Orleans Parish Sheriff's Office and its "Medical Department"

Plaintiff's claims against the Orleans Parish Sheriff's Office and its "Medical Department" are also clearly improper. A parish sheriff's office is not a legal entity subject to suit. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir.2002); see also Naquin v. Orleans Parish Sheriff's Office, Civ. Action No. 11-2878, 2012 WL 262988, at *3 (E.D. La. Jan. 9, 2012), adopted, 2012 WL 262877 (E.D. La. Jan. 30, 2012); Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). Likewise, the "Medical Department" is not a distinct, juridical entity capable of being sued. Spriggins v. Orleans Parish Prison, Civ. Action No. 10-3219, 2010 WL 5525079, at *3 (E.D. La. Nov. 23, 2010), adopted, 2011 WL 39011 (E.D. La. Jan. 5, 2011); Jiles v. Orleans Parish Prison Medical Clinic, Civ. Action No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. Sept. 7, 2010); Jacobson, 2009 WL 2870171, at *2; see also Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Oladipupo v. Austin, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000). Accordingly, the claims against the Orleans Parish Sheriff's Office and its "Medical Department" should also be dismissed.

### C. Sheriff Marlin Gusman

As to Sheriff Marlin Gusman, plaintiff testified at the Spears hearing that Gusman was not present during and had no personal involvement in the events giving rise to plaintiff's claims; rather, he explained that Gusman was named as a defendant based solely on his supervisory position. It is therefore clear that Gusman is not a proper defendant, because "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Gusman cannot be held liable pursuant to 42 U.S.C. 1983 under any theory of strict liability[3] or vicarious liability[4] for federal civil rights violations allegedly committed by a subordinate. Accordingly, the claim against Gusman should also be dismissed.

### III. Plaintiff's Claims

Turning now to plaintiff's underlying claims, the Court notes that those claims are frivolous for the following reasons.

### A. "Failure-to-Protect" Claim Against Deputy Moore

Plaintiff sued Deputy Moore for failing to protect him against an attack by other inmates on December 17, 2010. It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human

---

[3] "[T]here is no concept of supervisor strict liability under section 1983." Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[4] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). However, the United States Fifth Circuit Court of Appeals has explained:

> To establish a failure-to-protect claim under § 1983, [an inmate] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted). Moreover, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision." Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998); see also Dangerfield v. Dyson, Civ. Action No. 05-0650, 2008 WL 718114, at *3 (E.D. La. Mar. 14, 2008).

In the instant case, plaintiff alleges that Moore was not at her assigned post when the attack took place on December 17, 2010. However, there is no allegation that there was an obvious, substantial risk to plaintiff's safety of which Moore was aware and to which she was deliberately indifferent. At the Spears hearing, plaintiff testified that no threats were made prior to the attack and that he had no previous problems, arguments, or altercations with the inmates who attacked him. Not even plaintiff himself, much less Moore, had advance warning of the attack. Accordingly, any failure-to-protect claim has no merit. Moore simply cannot be said to have been deliberately indifferent in failing to protect against a potential harm of which she was unaware. Farmer v. Brennan, 511 U.S. 825, 844 (1994); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *6 (E.D. La. Oct. 23, 2009).

At best, one could perhaps conclude that Moore acted negligently in leaving her post prior to the attack. However, negligence is insufficient to support a federal civil rights claim. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979); see also Withrow v. Gusman, Civ. Action No. 11-267, 2011 WL 1468355, at *3 (E.D. La. Mar. 24, 2011), adopted, 2011 WL 1468351 (E.D. La. Apr. 18, 2011); Elsensohn v. Jefferson Parish Community Correctional Center, Civ. Action No. 09-2759, 2009 WL 5088744, at *3 (E.D. La. Dec. 23, 2009).

For all of the foregoing reasons, the claim against Moore should be dismissed.

### B. Medical Claim

Plaintiff also claims that he was not provided with adequate medical care for the injuries he sustained in the attack. However, he has not identified any of the individuals who allegedly denied him medical care; therefore, he has named no proper defendants with respect to this claim. That said, out of an abundance of caution, the Court notes that the claim would be frivolous for the following reasons even if a proper defendant had been named.

A prisoner's constitutional right to medical care is extremely limited. Certainly, the federal constitution does not require that inmates receive optimal care. The fact that an inmate's medical treatment "may not have been the best money could buy" is insufficient to establish a federal violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert v. Caldwell, 463 F.3d 339, 349 (5th Cir. 2006); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). Moreover, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v.

Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Claims of negligence or malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

Rather, an inmate's *federal* constitutional right to medical care is violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In the instant case, plaintiff was transported to the hospital for emergency treatment after the attack, and he concedes that he was provided with proper medical care while there.[5] However, in this lawsuit, he complains that he was given only ibuprofen for pain upon his return to the jail,

---

[5] Rec. Doc. 1, p. 4; Rec. Doc. 12-1, pp. 29-33.

whereas he had received the narcotic Percocet while at the hospital. While that is true, plaintiff had no right to be prescribed a particular pain medication at the jail. Moreover, the mere fact that he disagreed with the jail medical staff concerning which pain medication was appropriate is not actionable under § 1983. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994) (a refusal to provide an inmate with the specific pain killers he requests does not rise to the level of a constitutional violation). Further, the fact that the jail doctor followed a different course of treatment than the hospital doctors is of no constitutional moment. Differences of opinion among physicians as to the appropriate method of treatment do not constitute deliberate indifference. Campbell v. Martinez, No. Civ. A. 4:03-CV-299-Y, 2003 WL 22410576, at *3 (N.D. Tex. May 14, 2003), aff'd, 96 Fed. App'x 237 (5th Cir. 2004); see also Mueller v. Tanner, Civ. Action No. 11-1057, 2011 WL 3568062, at *3 (E.D. La. May 26, 2011), adopted, 2011 WL 3563228 (E.D. La. Aug. 12, 2011).[6] This is true even if the alternative medication prescribed by the jail doctor was not as effective, because federal constitutional protections are not violated simply because an inmate's medical treatment was unsuccessful or because pain persisted despite treatment. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); Williams, 1994 WL 733493, at *2; Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).

---

[6] "Medical decisions that may be characterized as classic examples of matters for medical judgment, such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview. Such matters are questions of tort, not constitutional law." Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996) (internal quotation marks, brackets, and citation omitted); see also Mueller, 2011 WL 3568062, at *3 n.6.

Plaintiff also complains that he was not given a liquid diet while recuperating. He explains that, although his jaw was not fractured in the attack on December 17, 2010, the pain was too severe for him to eat solid food for several days. However, according to plaintiff's medical records, no special diet was prescribed when he was discharged from the hospital.[7] Moreover, the medical records do not reflect that a liquid diet was requested or prescribed when he was examined by the jail medical staff upon his return to the jail on December 18 and again on December 20, 2010.[8] Instead, the medical records reflect that plaintiff's first and only request for a liquid diet was made in a sick call request submitted on December 26, 2010.[9] Although he stated in that request that he had made previous requests for a liquid diet, the records contain no other such requests. Further, when he was examined by the medical staff on the same day that the sick call request was submitted, the nurse's notes state that plaintiff was in no distress at that time. Based on the foregoing, there is no basis for plaintiff's conclusory allegation that a liquid diet was medically necessary.

In summary, even if plaintiff had named a proper defendant with respect to his claim for inadequate medical care, *which he has not*, the claim would still fail because it has no merit. Plaintiff is in effect simply inviting this Court to second-guess the professional judgment of the jail medical staff. However, "medical judgments are not to be lightly second-guessed in a federal civil rights action." Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008); see also Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal

---

[7] Rec. Doc. 12-1, pp. 31-32.

[8] Rec. Doc. 12-1, pp. 16-17.

[9] Rec. Doc. 12-1, p. 3.

courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Based on the foregoing, there is no basis for such second-guessing in this case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this ninth day of July, 2012.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.